1  CIRO HERNANDEZ, ESQ SB#174791
   551 Third Avenue
2  Chula Vista, CA 91910
   Telephone:  (619) 266-0389
3  Fax:        (619) 501-2493

4

**FILED**
JUN 26 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

5              UNITED STATES DISTRICT COURT

6              SOUTHERN DISTRICT OF CALIFORNIA

7

8  UNITED STATES OF AMERICA      )   Criminal Case 08cr1555-BEN
                                 )   DATE:   June 26, 2008
9                                )   Time:   9:30 a.m.
                                 )   Court:  F
10                               )   Judge:  Hon. Nita L. Stormes
                                 )
11       Plaintiff               )   DEPOSITION ORDER FOR MATERIAL
                                 )   WITNESSES
12       v.                      )
                                 )
13  Esmeralda PICAZO (1)         )
    Manuel ZAMORA-Flores (2)     )
14  Alberto LOPEZ-Martinez (3)   )
                                 )
15       Defendant               )
                                 )
16

17                              **ORDER**

18       Upon request of material witness(es) (hereinafter "material witness(es)" or "the

19  witness(es) EDILBERTO SANTANA-BAHENA and MARCO ANTONIO VIEIRA-

20  PORTUGAL, thier counsel Ciro Hernandez, and good cause appearing:

21       The material witnesses being held in custody is case number 08cr1555-BEN shall be

22  deposed on __7-11__ at __10:00AM__ The deposition will take place in the office of the

23  United States Attorney located at 880 Front Street, Fifth Floor, San Diego, California.

24       2.   All parties, meaning the United States and the defendant(s) shall attend the

25  material witnesses deposition. The arresting agency shall bring the material witnesses to the

26  deposition. If, in custody, the defendant(s) shall be brought separately to the deposition and a

27

28                         08cr1555-BEN                                    1

marshal shall remain present during the proceeding.

3. The United States Attorney's Office shall provide a videotape operator ("operator") and, if necessary, arrange for a court-certified interpreter to be present for the material witness(es). The cost of the interpreter for the material witness(es) shall be borne by the United States Attorney's Office.

4. If the defendant(s) needs an interpreter other than the interpreter for the material witness(es) (if any), then defense counsel shall arrange for a court-certified interpreter to be present. The cost of a separate interpreter for the defendant(s) shall be paid by the Court.

5. The United States Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony, serve as a notary and preside at the deposition in accordance with Rule 28(a) of the Federal Rules of Civil Procedure. The cost of the court reporter shall be borne by the United States Attorney's Office.

6. The deposition shall be recorded by videotape, meaning a magnetic tape that records sound as well as visual images. At the conclusion of the deposition, on the record, the witness(es) or any party may elect to have the witness(es) review the videotape record of the deposition to check for errors or omissions and to note any changes. Any errors, omissions or changes, and the reasons for making them, shall be stated in writing, signed by the witness(es), delivered to the notary in sealed envelope and filed in the same fashion as described in Paragraph 17 below, unless the parties agree on the record to a different procedure.

7. The operator shall select and supply all equipment required to videotape the depostion and shall determine all matters of staging and technique, such as number and placement of cameras and microphone, lighting, camera angle, and background. The operator shall determine these matters in a manner that accurately reproduces the appearance of the witness(es) and assures clear reproduction of both the witness(es)' testimony and the statements of counsel. The witness(es), or any party to the action, may object on the record to the manner in

1  which the operator handles any of these matters. Any objections shall be considered by the Court
2  in ruling on the admissibility of the videotape record. All such objections shall be deemed
3  waived unless made promply after the objector knows, or had reasonable grounds to know, of the
4  basis for such objections.

5      8.  The deposition shall be recorded in a fair, impartial and objective manner. The
6  videotape equipment shall be focused on the witness(es): however, the operator may, when
7  necessary or appropriate, focus upon charts, photgraphs, exhibits, or like material being shown to
8  the witness(es)

9      9.  Before examination of the witness(es) begins, the Assistant U.S. Attorney shall state
10  on the record his/her name: the date, time and place of the deposition; the name of the
11  witness(es); the identity of the parties and the names of all persons present in the deposition
12  room. The court reporter shall then swear the witness(es) on the record. Prior to any coundsel
13  beginning an examination of the witness(es), that counsel shall identify himself/herself and
14  his/her respective client on the record.

15      10.  Once the deposition begins, the operatoer shall not stop the videotape recorder until
16  the deposition concludes, except that, any party or the witness(es) may request a brief recess,
17  which request will be honored unless a party ojects and specifies a good faith basis for the
18  objection on the record. Each time the recording is stopped, the operator shall state on the record
19  the time the recording stopped and the time it resumed. If the deposition requires the use of more
20  than one tape, the operator shall sequentially identify on the record the end and beginning of each
21  tape.

22      11.  All objections both as to form and substance shall be recorded as if the objection
23  had been overruled. The Court shall rule on objections at the appropriate time. The party raising
24  the objections(s) shall prepare a transcript for the Court to consider. All objections shall be
25  deemed waived unless made during the depostion.

26      12.  The party offering the deposition into evidence at trial shall provide the Court with

1  transcript of the portion so offered.

2      13. Copies of all exhibits utilized lduring the videotape depositioons shall be sttached to
3  the videotaped record.

4      14. All the conclusions of the deposition, any objection, including the basis, to release
5  of the material witness(es) from custody shall be stated on the record. If there is no objection, the
6  attorney for the material witness(es) shall immediately serve all parties with a "Stipulation and
7  Proposed Order for Release of the Material Witness(es) and submit the Order to the Clerk of
8  Court for the Judge's signature. Prior to release from custody the attrney for the Government
9  shall serve the material witness(es) with a subpoena for the trial date and travel fund advance
10 letter.

11     15. The operator shall provide a copy of the videotped deposition to any party who
12 requests a copy of that party's expense. After preparing the requested copies, if any, the operator
13 shall deliver the original videotape to the notary along with a certificate signed by the operator
14 attesting that the videotape is an accurate and complete record of the videotaped deposition. The
15 operator shall then deliver the videotape to the notary along with a certificate signed by the
16 operator attesting that it is an accurate and complete recording of the deposition. The notary
17 shall file the original tape and certification with the Clerk of Court in a sealed envelope marked
18 with the caption of the case, the name of the witness(es) and the date of the deposition.

19     16. The notary shall file with the Clerk of Court in a sealed envelope the original
20 videotape, along with any exhibits offered during the deposition. The sealed envelope shall be
21 marked with the caption of the case, the name of the witness(es) and the date of the deposition.
22 To that envelope, the notary shall attach the certificate of the operator. <u>If all counsel stipulate on
23 the record, the Government may maintain the original videotape until production is ordered by
24 the Court or requested by any party.</u>

25     17. Unless waived by the parties, the notary shall give notice to all parties of the filing
26 of the videotaped deposition with the Court pursuant to the Federal Rule of Civil Procedure

27

28                                                                      08cr1555-BEN                                                          4

1  30(f)(3).

2      18.   If any party objects on the record to the release of the material witness(es) from
3  custody, the objecting party must request in writing a hearing on the issue before the federal
4  judge who is assigned the case or to such other district judge or magistrate judge as they
5  designate. <u>Notice of the Request for Hearing must be served on all parties and filed with the
6  Clerk of Court within twenty-four (24) hours after the completion of the deposition, with a
7  courtesy copy to chambers.</u> The Court will set a briefing schedule, if appropriate, and a date and
8  time for the objection to be heard as soon as resonably practicable. At the hearing, the objecting
9  party must establish to the Court's satisfaction an appropriate legal basis for the material
10 witness(es) to remain in custody. If, after the hearing, the Court orders the release of the material
11 witness(es) the material witness(es)' attorney shall immediately present the release order to the
12 Court for signature and filing. Before release of the material witness(es) from custody, the
13 Government shall serve the material witness(es) with a subpoena for the trial date and travel fund
14 advance letter.

15     **IT IS SO ORDERED.**

17 Dated 6-26-08

United States Magistrate Judge